UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMILO VASQUEZ PAREDES, <br><br> Plaintiff, <br><br> v. <br><br> JASMIN KHOSHN, <br><br> Defendant. | Case No. 2:25-cv-02498-SB-JC <br><br> ORDER OF DISMISSAL |

 Plaintiff, a pretrial detainee, filed a pro se complaint against his assigned public defender in Ventura County, California, alleging that she committed "legal malpractice" in failing to obtain his release or an affordable bail reduction. Dkt. No. 1. Because he has requested to proceed in forma pauperis (IFP), the Court must screen his complaint to determine if he fails to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). For the following reasons, his complaint is dismissed.[1]

 Plaintiff is a pretrial detainee housed in the medical unit of a Ventura County jail because of his disabilities. Dkt. No. 1 at 2, 4. He asked his assigned public defender, Defendant Jasmin Khoshn[2] to move to dismiss the charges against him or request that his $1 million bail be lowered. *Id.* at 4–5. Plaintiff alleges that she refused his request, telling him that "what [he] did is really bad so [she is] not going to even ask for that." *Id.* at 4–5. He filed suit under 42 U.S.C. § 1983, claiming "legal malpractice" resulting in "false imprisonment" based on excessive, unaffordable bail, which prevents him from supporting his family. *Id.* at 5. He contends that the alleged wrongdoing violates the Third, Fifth, Sixth, Eighth, and

---

[1] The standard for determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024).

[2] Plaintiff filed a letter claiming that the defendant's last name is Kohshnov, and that he was given an incorrect spelling at the time of his complaint. Dkt. No. 4.

Fourteenth Amendments, Article 1 § 17 of the California Constitution, and the Americans with Disabilities Act (ADA). *Id.* at 3, 5.

Plaintiff, however, cannot show that Defendant was acting under color of state law as required to state a § 1983 claim for violations of his federal constitutional rights, including discrimination in violation of the Fourteenth Amendment. *Polk Cnty. v. Dodson*, 454 U.S. 312, 319–25 (1981) (holding that a county public defender does not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *accord Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (public defender "employed by a public agency" did not act under color of state law when acting in his "role as counsel" even assuming his conduct was deficient).[3]

To the extent that Plaintiff is raising a separate claim of discrimination under the ADA, the complaint is deficient for multiple reasons. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up). Most notably, the complaint alleges that Defendant refused to file the motions because "what [he] did is really bad," not because of his disability. Dkt. No. 1 at 5. This allegation is fatal to his ADA claim, *see Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013) (noting "by reason of" indicates a but-for causal relationship), and cannot be cured, *see Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (affirming denial of leave to amend RICO claim where the plaintiff alleged wrongful termination as the cause of his injury and could not now "contradict[]" that allegation by asserting a "new injury" to establish RICO standing).

Because it is "absolutely clear" that amendment would be futile, the complaint is dismissed without prejudice. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

Date:  May 1, 2025

                                                     Stanley Blumenfeld, Jr.
                                                     United States District Judge

---

[3] The claim under the California Constitution fails because the cited provision, Article 1 § 17, prohibits cruel and unusual punishment and excessive fines—a prohibition that is irrelevant to his allegation of legal malpractice.